George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Spencer Sheehan (admitted *pro hac vice*)
*spencer@spencersheehan.com*
**SHEEHAN & ASSOCIATES, P.C.**
60 Cuttermill Road, Suite 409
Great Neck, New York 11021
Telephone: (516) 268-7080
Facsimile: (516) 234-7800

*Counsel for Plaintiff Rivka Steinberg
and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RIVKA STEINBERG, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ICELANDIC PROVISIONS, INC.,<br><br>Defendant. | Case No. 3:21-cv-05568-EMC<br><br>**PLAINTIFF RIVKA STEINBERG'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ICELANDIC PROVISIONS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: December 16, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 5, 17th Floor<br>Judge: Honorable Edward M. Chen |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF THE ISSUES TO BE DECIDED.............................................2

III.    STATEMENT OF RELEVANT FACTS ................................................................3

IV.     ARGUMENT ..........................................................................................................4

        A.      Legal Standards..........................................................................................4

        B.      The Labeling of the Product Is Likely to Mislead a Reasonable Consumer ...........5

                i.      The Reasonable Consumer Standard .........................................5

                ii.     Plaintiff Has Alleged Actionable Misrepresentations to Support
                        Her California Consumer Protection Claims ..............................7

                iii.    The Back Label Fails to Cure the Misleading Front Label Claims ...........11

                iv.     Plaintiff Has Standing under California Consumer Protection Law..........14

        C.      The Complaint Satisfies Federal Rule of Civil Procedure 9(b) .............................16

        D.      The CLRA Pre-Suit Demand Notice Requirement Has Been Met.......................19

        E.      The Complaint States a Claim for Unjust Enrichment .........................................22

V.      Plaintiff Has Standing to Seek Injunctive Relief ................................................23

CONCLUSION...........................................................................................................25

1

# <u>TABLE OF AUTHORITIES</u>

2

<u>CASES</u>

3

*Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196-WHO,
    2013 WL 5407039 (N.D. Cal. Sept. 25, 2013) ...................................................... 16, 17

4

*Ariix, LLC v. NutriSearch Corp.*,
    985 F.3d 1107 (9th Cir. 2021) ...................................................................... 4, 11, 15

5

6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................. 5

7

*Astiana v. Ben & Jerry's Homemade, Inc.*, No. 10-cv-04387-PJH,
    2011 WL 2111796 (N.D. Cal. May 26, 2011) ........................................................ 17

8

9

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) ............................................................................ 22, 23

10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................. 4

11

12

*Bohac v. Gen. Mills, Inc.*, No. 12-cv-05280-WHO,
    2014 WL 1266848 (N.D. Cal. Mar. 26, 2014) ....................................................... 15

13

*Brazil v. Dole Food Co.*,
    935 F. Supp. 2d 947 (N.D. Cal. 2013) ............................................................. 10, 15

14

15

*Comfort v. Ricola USA, Inc.*, No. 19-cv-06089-CJS,
    2019 WL 6050301 (W.D.N.Y. Nov. 15, 2019) ..................................................... 12

16

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) .................................................................... 23, 24, 25

17

18

*de Dios Rodriguez v. Ole Mexican Foods Inc.*, No. 20-cv-02324-JGB-SP,
    2021 WL 1731604 (C.D. Cal. Apr. 22, 2021) .................................................. 8, 9, 12

19

*Ehret v. Uber Techs., Inc.*,
    68 F. Supp. 3d 1121 (N.D. Cal. 2014) .................................................................... 6

20

21

*Evans v. DSW, Inc.*, No. 16-cv-03791-JGB-SP,
    2017 WL 7058233 (C.D. Cal. Feb. 2, 2017)............................................................ 6

22

*Fish v. Aviation*, No. 18-cv-06671-VKD,
    2019 WL 690286 (N.D. Cal. Feb. 19, 2019) ......................................................... 21

23

24

*Foman v. Davis*,
    371 U.S. 178 (1962)................................................................................................ 25

25

*Garrison v. Whole Foods Mkt. Grp., Inc.*, No. 13-cv-05222-VC,
    2014 WL 2451290 (N.D. Cal. June 2, 2014) ......................................................... 24

26

27

*Gasser v. Kiss My Face, LLC*, No. 17-cv-01675-JSC,
    2017 WL 4773426 (N.D. Cal. Oct. 23, 2017)........................................................ 17

28

*Goldemberg v. Johnson & Johnson Consumer Cos.*,
   8 F. Supp. 3d 467 (S.D.N.Y. 2014) ................................................................ 11

*Govea v. Gruma Corp.*, No. 20-cv-08585-MWF-JCX,
   2021 WL 1557748 (C.D. Cal. Mar. 1, 2021) .................................................... 8

*Govea v. Gruma Corp.*, No. 20-cv-08585-MWF-JCX,
   2021 WL 4518457 (C.D. Cal. Aug. 18, 2021) .............................................. 8, 9

*Haas v. Travelex Ins. Servs. Inc.*, No. 2:20-cv-06171-ODW-PLA,
   2021 WL 3682309 (C.D. Cal. Aug. 19, 2021) ................................................ 24

*Hall v. Diamond Foods, Inc.*, No. 14-cv-02148-MMC,
   2014 WL 5364122 (N.D. Cal. Oct. 21, 2014) ................................................. 17

*Ham v. Hain Celestial Grp., Inc.*,
   70 F. Supp. 3d 1188 (N.D. Cal. 2014) ........................................................... 24

*Hesse v. Godiva Chocolatier, Inc.*,
   463 F. Supp. 3d 453 (S.D.N.Y. 2020) ................................................... 8, 9, 10

*Hinojos v. Kohl's Corp.*,
   718 F.3d 1098 (9th Cir. 2013) ....................................................................... 15

*In re 5-hour ENERGY Mktg. & Sales Practices Litig.*, No. MDL 13-2438 PSG PLA,
   2014 WL 5311272 (C.D. Cal. Sept. 4, 2014) ................................................ 16

*In re ConAgra Foods Inc.*,
   908 F. Supp. 2d 1090 (C.D. Cal. 2012) .......................................................... 17

*In re Fluidmaster, Inc.*,
   149 F. Supp. 3d 940 (N.D. Ill. 2016) ............................................................. 22

*In re Safeway Tuna Cases*, No. 15-cv-05078-EMC,
   2016 WL 3743364 (N.D. Cal. July 13, 2016) ................................................ 22

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
   445 F. Supp. 3d 535 (N.D. Cal. 2020) ........................................................... 20

*Ivie v. Kraft Foods Global, Inc.*, No. C-12-02554-RMW,
   2015 WL 183910 (N.D. Cal. Jan. 14, 2015) .................................................. 23

*Jaime v. Carmax Auto Superstores California, LLC*, No. D075307,
   2020 WL 6110983 (Cal. Ct. App. Oct. 16, 2020) .......................................... 21

*Johnson v. Gen. Mills, Inc.*, No. 10-cv-00061-CJC-AN,
   2011 WL 13225105 (C.D. Cal. Mar. 3, 2011) ................................................. 7

*Kanan v. Thinx Inc.*, No. 20-cv-010341-JVS-JRP,
   2021 WL 4464200 (C.D. Cal. June 23, 2021) ................................................ 22

*Kazi v. PNC Bank, N.A.*, No. 18-cv-04810-JCS,
   2021 WL 965372 (N.D. Cal. Mar. 15, 2021) ................................................. 21

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ............................................................................. 5

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ............................................................ 4, 10, 18, 19

*Kwikset Corp. v. Superior Ct.*,
  246 P.3d 877 (Cal. 2011) ................................................................................... 15

*Lanovaz v. Twinings North America, Inc.*, No. 12-cv-02646-RMW,
  2014 WL 46822 (N.D. Cal. Jan. 6, 2014) .......................................................... 24

*Lanovaz v. Twinings North America, Inc.*, No. 5:12-CV-02646-RMW,
  2015 WL 3627015 (N.D. Cal. June 10, 2015) .................................................... 23

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ............................................................................. 10

*Lilly v. Jamba Juice Co.*, No. 13-cv-02998-JST,
  2015 WL 1248027 (N.D. Cal. Mar. 18, 2015) ............................................. 23, 24

*Maisel v. S.C. Johnson & Son, Inc.*, No. 21-cv-00413-TSH,
  2021 WL 1788397 (N.D. Cal. May 5, 2021) ................................................ 15, 22

*Mantikas v. Kellogg Co.*,
  910 F.3d 633 (2d Cir. 2018) .............................................................................. 12

*Marty v. Anheuser-Busch Cos., LLC*,
  43 F. Supp. 3d 1333 (S.D. Fla. 2014) .................................................................. 7

*McCrary v. Elations Co., LLC*, No. 13-cv-00242-JGB-OP,
  2013 WL 6402217 (C.D. Cal. Apr. 24, 2013) ...................................................... 6

*McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD,
  2018 WL 2688781 (N.D. Cal. June 5, 2018) ...................................................... 21

*Morgan v. AT&T Wireless Servs., Inc.*,
  99 Cal. Rptr. 3d 768 (2009) ............................................................................... 22

*Mullins v. Premier Nutrition Corp.*,
  178 F. Supp. 3d 867 (N.D. Cal. 2016) ................................................................. 7

*Nelson v. MillerCoors, LLC*,
  246 F. Supp. 3d 666 (E.D.N.Y. 2017) ............................................................... 12

*Oxina v. Lands' End, Inc.*, No. 14-CV-2577-MMA NLS,
  2015 WL 4272058 (S.D. Cal. June 19, 2015) .................................................... 22

*Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*,
  653 F.3d 241 (3d Cir. 2011) .............................................................................. 13

*Prescott v. Bayer HealthCare LLC*, No. 20-cv-00102-NC,
  2020 WL 4430958 (N.D. Cal. July 31, 2020) .................................................... 22

*Ramos v. Nielsen*,
   321 F. Supp. 3d 1083 (N.D. Cal. 2018) ..................................................... 5

*Reid v. Johnson & Johnson*,
   780 F.3d 952 (9th Cir. 2015) ..................................................................... 15

*Sanchez v. Wal-Mart Stores, Inc.*, No. 06-cv-02573-DFL-KJM,
   2007 WL 1345706 (E.D. Cal. May 8, 2007) ...................................... 20, 21

*Sandoval v. PharmaCare US, Inc.*,
   145 F. Supp. 3d 986 (S.D. Cal. 2015) ........................................................ 5

*Schreiber Distributing Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) ................................................................... 19

*Shalikar v. Asahi Beer U.S.A., Inc.*, No. 17-cv-02713-JAK-JPR,
   2017 WL 9362139 (C.D. Cal. Oct. 16, 2017) ........................................ 9, 12

*Snyder & Assocs. Acquisitions LLC v. United States*,
   859 F.3d 1152 (9th Cir. 2017) ..................................................................... 5

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ............................................................... 8, 10

*Strumlauf v. Starbucks Corp.*,
   192 F. Supp. 3d 1025 (N.D. Cal. 2016) ............................................... 17, 18

*Tucker v. Post Consumer Brands, LLC*, No. 19-CV-03993-YGR,
   2020 WL 1929368 (N.D. Cal. Apr. 21, 2020) ................................ 11, 24, 25

*United States ex rel. Anita Silingo v. WellPoint, Inc.*,
   904 F.3d 667 (9th Cir. 2018) ...................................................................... 5

*Vizcarra v. Unilever United States, Inc.*, No. 4:20-cv-02777-YGR,
   2020 WL 4016810 (N.D. Cal. July 16, 2020) ...................................... 20, 21

*Wasser v. All Mkt., Inc.*, No. 16-cv-21238,
   2017 WL 11139701 (S.D. Fla. Nov. 13, 2017) ........................................... 9

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) ............................................................. passim

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal. 2010) ..................................................... 6

**STATUTES**

CAL. BUS. & PROF. CODE § 17204 ..................................................................... 15

CAL. BUS. & PROF. CODE § 17535 ..................................................................... 15

CAL. CIV. CODE § 1780 ..................................................................................... 15

CAL. CIV. CODE § 1782 ......................................................................... 19, 20, 21

California's Consumers Legal Remedies Act, CAL. CIV. CODE § 1750 *et seq.* ..................... passim

California's False Advertising Law, CAL. BUS. & PROF. CODE § 17500 *et seq.* ................ 4, 14, 15

California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.* ............. 4, 14, 15

**OTHER AUTHORITIES**

California Rule of Court 8.1115 ................................................................................................ 21

CIVIL L.R. 3-4 ........................................................................................................................... 21

Federal Rule of Civil Procedure 8 ........................................................................................... 22

Federal Rule of Civil Procedure 9 ..................................................................................... passim

Federal Rule of Civil Procedure 12 ................................................................................. 4, 5, 11

Federal Rule of Civil Procedure 15 ......................................................................................... 25

1    Plaintiff Rivka Steinberg ("Plaintiff") respectfully submits this memorandum of points and

2    authorities in opposition to the Motion to Dismiss Plaintiff's Complaint filed by Defendant

3    Icelandic Provisions, Inc. ("Defendant"). *See* Def.'s Notice Mot. & Mot. Dismiss Pl.'s Compl. &

4    Mem. P. & A. Supp. Thereof, ECF No. 21 ("Def.'s Mem.").

5    For the reasons given below, Defendant's motion is without merit, and the Court should

6    deny it in full.

7    **I.    INTRODUCTION**

8    This is a straightforward case of deceptive advertising. Defendant misleads consumers into

9    believing its skyr dairy Product[1] is authentic Icelandic skyr that is in fact made in Iceland, by

10   prominently labeling the Product on the front of the packaging with representations including

11   "Traditional Icelandic Skyr," "Icelandic Provisions," and an image of the Icelandic countryside

12   with a snow-covered backdrop. Furthermore, unlike over a dozen competing skyr products,

13   Defendant's Product does not state that it is "Icelandic Style" skyr, thereby differentiating the

14   Product from its competitors by indicating the Product is not merely "Icelandic Style" but is in fact

15   made in Iceland.

16   Unfortunately for Plaintiff and other consumers, however, the Products are not in fact made

17   in Iceland. Instead, they are made in Batavia, New York, as revealed in miniscule font on the back

18   of the packaging. Plaintiff paid a premium price for the Products in reliance on Defendant's

19   representations that the Product was made in Iceland and would not have purchased the Product

20   or paid a premium price for it if she had known the truth. Plaintiff's case addresses Defendant's

21   betrayal of consumers' trust, seeking damages for the price premium Plaintiff and other consumers

22   paid for the Products due to Defendant's misrepresentations and an injunction to put a stop to its

23   ongoing deceptive practices.

24   As detailed below, Plaintiff's claims are well supported by facts which the Court should

25   accept as the truth on this motion, and they are more than plausible. Indeed, Plaintiff's claims meet

26   the heightened pleading standard of Federal Rule of Civil Procedure 9(b) by sufficiently alleging

27

28   [1] The term "Product" has the same definition as in the Complaint. Compl. ¶ 1, ECF No. 1.

1  the who, what, when, where, and how of the deceptive conduct. Furthermore, Plaintiff has alleged

2  facts sufficient to plead she has standing to pursue her request for injunctive relief. For all these

3  reasons and the others detailed below, Defendant's arguments for dismissal as a matter of law are

4  without merit, and the Court should deny its motion in full.[2]

5  **II.   STATEMENT OF THE ISSUES TO BE DECIDED**

6       1.   Does Plaintiff's Complaint plausibly allege the front label representations on

7  Defendant's skyr Product, including "Traditional Icelandic Skyr," "Icelandic Provisions," and an

8  image of the Icelandic countryside with a snow-covered backdrop, viewed in the context of

9  numerous virtually identical competing skyr products which are all labeled "Icelandic Style"

10  (unlike Defendant's Product), are likely to deceive reasonable consumers into believing the

11  Product is made in Iceland?

12       2.   Does Plaintiff has statutory standing to bring her California consumer protection

13  claims?

14       3.   Does the Complaint satisfy Federal Rule of Civil Procedure 9(b)?

15       4.   Did the pre-suit letter that Shannah Smith sent Defendant on May 6, 2021, on behalf

16  of herself, a proposed class of all others similarly situated in California, and the general public

17  sufficiently notify Defendant of Plaintiff's claims under California's Consumers Legal Remedies

18  Act, CAL. CIV. CODE § 1750 *et seq.* ("CLRA")?

19       5.   Has Plaintiff sufficiently alleged an alternative claim for unjust enrichment?

20       6.   Does Plaintiff have Article III standing to pursue injunctive relief?

21  

---

22  [2] In the "Summary of Relevant Facts" section of its brief, Defendant devotes essentially a full page
to discussion not of Plaintiff's case but of one of her counsel, Spencer Sheehan, and his law firm,
23  Sheehan & Associates, P.C. Def.'s Mem. 1-2, 1 n.1. Rather than arguing that its motion to dismiss
Plaintiff's Complaint has merit, Defendant sees fit to personally criticize Mr. Sheehan for filing,
24  on behalf of other plaintiffs and putative classes, other unrelated lawsuits regarding products
flavored with vanilla. *Id.* Defendant bases this irrelevant and groundless argument not on any
25  purported similarity between this case and the vanilla flavoring cases but, instead, solely on the
fact that the cases share the same counsel. *Id.* Plaintiff would prefer to ignore these *ad hominem*
26  attacks, but given the significant space Defendant has devoted to them, Plaintiff feels compelled
to point out that such personal attacks on counsel are inappropriate and unprofessional. For all
27  these reasons, the Court should give them short shrift. Furthermore, the mere fact that Mr. Sheehan
represents two other plaintiffs in a putative class action against Defendant pending in New York
28  based on similar facts, which as of now is still in the midst of motion-to-dismiss briefing, is not
even remotely a reason to dismiss this case on the merits. *See id.* at 2, 2 n.2.

III.   **STATEMENT OF RELEVANT FACTS**

Defendant represents that its skyr dairy Product is made in Iceland using the prominent front label representations "Traditional Icelandic Skyr," "Icelandic Provisions," and an image of the Icelandic countryside with a snow-covered backdrop. Compl. ¶ 37. The side panel of the Product also states that it is "MADE WITH ORIGINAL SKYR CULTURES," reinforcing the message that the Product is in fact made in Iceland. *Id.* at ¶¶ 39-40. The side panel also states that the Product "is the only Skyr available in the US that contains Icelandic Heirloom Skyr Cultures that Icelanders have been enjoying for centuries." *Id.* at ¶ 43. Further suggesting the Product is in fact made in Iceland, the homepage of Defendant's website states "Halló [Hello] From Iceland" over an arctic tundra backdrop of Iceland. *Id.* at ¶ 45. Defendant has also released a national advertising campaign filmed "on location in the coastal village of Vík," with Icelandic actors explaining skyr to American consumers. *Id.* at ¶ 46. Furthermore, over a dozen other Icelandic skyr products available. *See id.* at ¶¶ 12-13. Of the 14 competing skyr products identified and pictured in the Complaint, however, all state on their labeling—unlike Defendant's Product—that they are "Icelandic style." *Id.* at ¶ 13. That Defendant's Product, unlike the competition, does not state that it is "Icelandic style" skyr leads reasonable consumers to believe the Product is made in Iceland, unlike its competitors. *See id.* at ¶¶ 20-24.

Unfortunately for consumers, the Product is not made in Iceland but in Batavia, New York, as indicated in fine print on the back label of the Product. Compl. ¶ 49. As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $2.79 for a 5.3 oz cup, excluding tax, compared to other similar products represented in a non-misleading way, and is sold at a price that is higher than the price of the Product would have been if it were represented in a non-misleading way. *Id.* at ¶ 77. The competing brands of skyr cost less than Defendant's Product, at an average price of no more than $2.19 for a 5.3 oz cup. *Id.* at ¶ 78.

Between August and October 2020, among other times, Plaintiff purchased the Product, including the Traditional Skyr Icelandic Provisions Plain Yogurt, for personal and household consumption and use, in reliance on the representations that the Product was made in Iceland. Compl. ¶ 80. Plaintiff purchased the Product at stores including Whole Foods Market in San

1   Francisco. *Id.* at ¶ 81. Plaintiff purchased the Product over competing Icelandic skyr products

2   because she believed Defendant's skyr Product, unlike its competitors, was made in Iceland. *Id.* at

3   ¶¶ 69, 82. She expected the Product would be made in Iceland because that is what the label said

4   and/or implied. *Id.* at ¶ 89. Plaintiff understood the representations on the front of the label –

5   "Traditional Icelandic Skyr," above an Icelandic pastoral setting – and the notable absence of the

6   words "style" or "type" to modify "skyr," to indicate the Product was made in Iceland. *Id.* at ¶ 70.

7   Plaintiff also viewed the website and other marketing representations, which also created the

8   impression the Product was made in Iceland. *Id.* at ¶ 71. Had Plaintiff known the truth, she would

9   not have bought the Product, would have paid less for it, or would have purchased one of the

10   numerous, less costly, competitors. *See id.* at ¶¶ 74-78.

11         To address Defendant's deceptive conduct, Plaintiff brings claims for violation of

12   California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.* ("UCL")

13   (unlawful, unfair, and fraudulent prongs), California's False Advertising Law, CAL. BUS. & PROF.

14   CODE § 17500 *et seq.* ("FAL"), and the CLRA, as well as for unjust enrichment, Compl. ¶¶ 113-

15   65, on behalf of a proposed class of all persons residing in California who purchased the Product

16   for personal or household consumption and use since July 20, 2015, *id.* at ¶ 102. She seeks

17   monetary and injunctive relief. *Id.* at p. 24 (Prayer for Relief).

18   **IV.    ARGUMENT**

19       **A.    Legal Standards**

20         Defendant moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil

21   Procedure 12(b)(6). Def.'s Mem. 5-13, 15-16. To survive a Rule 12(b)(6) motion, a plaintiff must

22   plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

23   *Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept all factual allegations in the complaint

24   as true and construe the pleadings in the light most favorable to the nonmoving party," *Ariix, LLC*

25   *v. NutriSearch Corp.*, 985 F.3d 1107, 1114 (9th Cir. 2021), and should "draw all reasonable

26   inferences in favor of the plaintiff," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th

27   Cir. 2018). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

28   than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662,

1   678 (2009).

2        Defendant also seeks dismissal for failure to plead fraud with particularity as required

3   under Federal Rule of Civil Procedure 9(b). Def.'s Mem. 13-15. Under Rule 9(b), "[i]n alleging

4   fraud or mistake, a party must state with particularity the circumstances constituting fraud or

5   mistake." FED. R. CIV. P. 9(b). To meet Rule 9(b), "[a]verments of fraud must be accompanied by

6   'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*,

7   567 F.3d 1120, 1124 (9th Cir. 2009). Under Rule 9(b), "allegations of fraud 'must be specific

8   enough to give defendants notice of the particular misconduct which is alleged to constitute the

9   fraud charged so that they can defend against the charge and not just deny that they have done

10  anything wrong.'" *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th

11  Cir. 2018); *accord Sandoval v. PharmaCare US, Inc.*, 145 F. Supp. 3d 986, 997 (S.D. Cal. 2015).

12       Finally, Defendant seeks dismissal pursuant to Rule 12(b)(1) for lack of standing. *See*

13  Def.'s Mem. 1, 17. "[A] defendant may challenge the plaintiff's jurisdictional allegations in one

14  of two ways." *Ramos v. Nielsen*, 321 F. Supp. 3d 1083, 1100 (N.D. Cal. 2018) (Chen, J.). "A

15  'facial' attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on

16  their face to invoke federal jurisdiction." *Id.* "A 'factual' attack, by contrast, contests the truth of

17  the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* Here,

18  Defendant raises a facial attack. *See* Def.'s Mem. 17. "The district court resolves a facial attack as

19  it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and

20  drawing all reasonable inferences in the plaintiff's favor, the court determines whether the

21  allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Snyder & Assocs.*

22  *Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017).

23       **B.    The Labeling of the Product Is Likely to Mislead a Reasonable Consumer**

24            **i.    The Reasonable Consumer Standard**

25       California's consumer protection statutes prohibit false or misleading conduct in trade or

26  commerce. Courts apply the "reasonable consumer" standard to determine whether a

27  representation is deceptive under these laws. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938

28  (9th Cir. 2008). A reasonable consumer is "neither the most vigilant and suspicious of advertising

claims nor the most unwary and unsophisticated, but instead is 'the ordinary consumer within the target population.'" *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1137 (N.D. Cal. 2014). At this juncture, dismissal is appropriate only if, "[v]iewing the facts in the light most favorable to plaintiff," it is "impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1129 (C.D. Cal. 2010). Whether a claim is likely to deceive a reasonable consumer is almost always a fact question not appropriate for resolution on a motion to dismiss. *Williams*, 552 F.3d at 938-39.

As such, dismissal of false advertising claims is proper only in a "rare situation," where "it [is] impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Williams*, 552 F.3d at 939; *accord McCrary v. Elations Co., LLC*, No. 13-cv-00242-JGB-OP, 2013 WL 6402217, at *6 (C.D. Cal. Apr. 24, 2013) (denying motion to dismiss on grounds that defendant's "advertising claims [did] not make it 'impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived'").

Furthermore, in the Ninth Circuit, the principle is well established that a representation need not be literally false or expressly stated to be deceptive. *Williams*, 552 F.3d at 938 (stating that California's consumer protection laws "prohibit 'not only advertising which is false, but also advertising which [,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public'").

Finally, how a consumer interprets particular representations on product labels in the context of over a dozen similar competing products is a question of fact that should be addressed by the trier of fact after sufficient discovery. *See Evans v. DSW, Inc.*, No. 16-cv-03791-JGB-SP, 2017 WL 7058233, at *8 (C.D. Cal. Feb. 2, 2017) ("Accordingly, the Court will not delve into the issues of fact going to the heart of the dispute on a motion to dismiss—namely, whether reasonable consumers would find [the defendant's] reference prices to be misleading or deceptive.").

Here, the overall brand image of the Icelandic skyr Product, including its name, centers around Iceland. *See* Compl. ¶ 37. As the Complaint alleges, the "Traditional Icelandic Skyr" and "Icelandic Provisions" representations on the front labels of the Products, and the accompanying image of the Icelandic countryside with a snow-covered backdrop, mislead reasonable consumers

into believing the Product is made in Iceland, particularly because the Product is sold and viewed alongside competing products that truthfully state that they are "Icelandic Style" skyr. *Id.* at ¶¶ 12-16, 20-24, 29, 37-38, 49, 65-70, 72-73, 80, 82, 87-89. Because the Complaint sufficiently alleges the representations on the Product's label deceive reasonable consumers into believing it is made in Iceland, the Court should hold this case is not the "rare situation" in which dismissal as a matter of law at the pleading stage is appropriate. *Williams*, 552 F.3d at 939.

### ii.    Plaintiff Has Alleged Actionable Misrepresentations to Support Her California Consumer Protection Claims

Contrary to Defendant's arguments, Plaintiff has plausibly alleged its representations are actionable statements of origin.[3] *See* Def.'s Mem. 6-9. Defendant makes several factual assertions—which appear nowhere in the Complaint—in support of an argument that the representations at issue are not statements of Icelandic origin, since consumers understand the representations to refer to the "characteristics of Icelandic Skyr." *Id.* at 8. Defendant's argument raises precisely the kind of factual questions that the Court should not resolve as a matter of law on this motion. *Williams*, 552 F.3d at 938. Instead, the Court should presume the truth of Plaintiff's well-pled factual allegations, which are that Defendant deceptively marketed the Product to target consumers who are interested in purchasing a Product that is authentically made in Iceland, through the use of the representations "Traditional Icelandic Skyr" and "Icelandic Provisions" and the image of the Icelandic countryside with a snow-covered backdrop. Furthermore, there is nothing that prevents the statements at issue from being *both* statements indicating the Products

---

[3] Defendant tries to have the Court examine the representations in isolation. Def.'s Mem. 6-8. However, this is not the law. *See Williams*, 552 F.3d at 939 n.3 (9th Cir. 2008) (representation that product is "nutritious" may amount to puffery, but is not subject to dismissal because it "certainly contributes, however, to the deceptive context of the packaging as a whole"); *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 889 (N.D. Cal. 2016) ("The California statutes [the plaintiff] invokes recognize claims even where representations may not be misleading in isolation, but are deceptive when considering the package and advertisement as a whole."); *Marty v. Anheuser-Busch Cos., LLC*, 43 F. Supp. 3d 1333, 1342 (S.D. Fla. 2014) (citing *Williams* and holding that representation such as "German Quality" and "Brewed Under the German Purity Law" should not be evaluated "in a vacuum" and should rather be viewed in conjunction with other statements on the packaging of the beers); *Johnson v. Gen. Mills, Inc.*, No. 10-cv-00061-CJC-AN, 2011 WL 13225105, at *2-3 (C.D. Cal. Mar. 3, 2011) (rejecting defendant's attempt to isolate each particular representation in order to argue that each representation standing alone is non-actionable).

1  have the characteristics of Icelandic Skyr *and* statements that the Products are made in Iceland.

2  The case of *de Dios Rodriguez v. Ole Mexican Foods Inc.*, No. 20-cv-02324-JGB-SP, 2021

3  WL 1731604 (C.D. Cal. Apr. 22, 2021), is on point. There, the court denied the defendant's motion

4  to dismiss the plaintiff's claims of deceptive labeling of geographic origin where the

5  representations on the defendant's tortilla products included "A Taste of Mexico!" and a Mexican

6  flag, notwithstanding that "the Products include disclosures in the back of the label that the tortillas

7  are 'Made in the U.S.A.' and manufactured in Norcross, GA." *de Dios Rodriguez*, 2021 WL

8  1731604, at *1, *5. Importantly, the court held that "even if the representations at issue do in fact

9  serve to 'evoke[ ] the spirit or feeling of [Mexico],' . . . they may *also* mislead a reasonable

10  consumer." *Id.* at *4. "When 'there are two alternative explanations . . . plaintiff's complaint

11  survives a motion to dismiss . . . [unless] defendant's plausible alternative explanation is so

12  convincing that plaintiff's explanation is implausible." *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202,

13  1216 (9th Cir. 2011)); *accord Govea v. Gruma Corp.*, No. 20-cv-08585-MWF-JCX, 2021 WL

14  4518457, at *2 (C.D. Cal. Aug. 18, 2021) ("*Govea II*"[4]) (holding that the packaging of the tortilla

15  products at issue "evokes the spirit of Mexico, which, as the *Rodriguez* court pointed out, may **_also_**

16  mislead a reasonable consumer about the Tortillas' geographic origin").

17  *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453 (S.D.N.Y. 2020), is also on point.

18  There, the court considered a box of Godiva Chocolates with the statement "Belgium 1926" on the

19  front, *Hesse*, 463 F. Supp. 3d at 460, which is similar to Defendant's statements of "Traditional

20  Icelandic Skyr" and "Icelandic Provisions," Compl. ¶ 37. The defendant in *Hesse* made an

21  argument similar to Defendant's, "noting that [Godiva] was founded in Belgium in the year 1926,

22  and thus arguing that the representation is a 'factually accurate phrase that imparts an unambiguous

23  and historically accurate message." *Hesse*, 463 F. Supp. 3d at 467. The court rejected the argument

24  because an "equally, if not more, plausible inference" was that the phrase represented "*both* the

25

---

26  [4] In seeking dismissal, Defendant relies upon *Govea v. Gruma Corp.*, No. 20-cv-08585-MWF-
JCX, 2021 WL 1557748 (C.D. Cal. Mar. 1, 2021) ("*Govea I*"), which granted the defendant's
27  motion to dismiss the plaintiffs' Second Amended Complaint with leave to amend. Def.'s Mem.
6, 9-10. Defendant fails to mention, however, that the court later denied the defendant's motion to
28  dismiss the plaintiffs' Third Amended Complaint in full. *Govea II*, 2021 WL 4518457, at *2.

provenance of the company . . . [and] that its chocolates continue to be manufactured there." *Id.*

The Court should follow *Govea II*, *de Dios Rodriguez*, and *Hesse* and deny Defendant's motion to dismiss. Underscoring the plausibility of Plaintiff's claims is the competitive context of Plaintiff's Product purchases. This context is important here because it shows the representations on the Product labels serve to differentiate Defendant's Product from its many competitors. The labels of all 14 alleged competing products contain the words "Icelandic Style," unlike Defendant's Product. Compl. ¶ 13. In deciding whether to purchase one of the numerous "copycat" products or Defendant's Product, Plaintiff "purchased the Icelandic Provisions skyr Product over other Icelandic skyr products . . . because she believed Defendant's skyr Product was made in Iceland." *Id.* at ¶ 82; *see also id.* at ¶¶ 14, 69. "Plaintiff expected the Product would be made in Iceland because that is what the label said and/or implied." *Id.* at ¶ 89; *see also id.* at ¶ 70. "Plaintiff did not think that any of the other competing skyr products were made in Iceland." *Id.* at ¶ 15.

Defendant's arguments in support of dismissal are without merit. To the extent Defendant argues that specific geographic references, such as a map or a street address, that go beyond "Traditional Icelandic Skyr" and "Icelandic Provisions" and the image of the Icelandic countryside are required in this case; that the inclusion of the word "Icelandic" in the Product name cannot be deceptive; or that a product cannot *both* suggest that it has the characteristics of Icelandic skyr and mislead reasonable consumers as to its geographic origin—courts do not take such a rigid approach and have rejected such arguments. *See, e.g.*, *Govea II*, 2021 WL 4518457, at *2; *de Dios Rodriguez*, 2021 WL 1731604, at *3-5; *Hesse*, 463 F. Supp. 3d at 466-69; *Shalikar v. Asahi Beer U.S.A., Inc.*, No. 17-cv-02713-JAK-JPR, 2017 WL 9362139, at *7-8 (C.D. Cal. Oct. 16, 2017).

Numerous courts have concluded that representations of a product or company's origins could plausibly mislead consumers about the immediate origin of a product, even where the labeling lacks an affirmative statement such as "Made in _____." *E.g.*, *Shalikar*, 2017 WL 9362139, at *3 (holding that Japanese phrases, including the Japanese "Asahi" brand name and Japanese script, could plausibly mislead consumers into believing the product was made in Japan); *Wasser v. All Mkt., Inc.*, No. 16-cv-21238, 2017 WL 11139701, at *4-5 (S.D. Fla. Nov. 13, 2017) (finding that reasonable consumers could plausibly be misled by the use of the phrase "Born in

1    Brazil" in "conjunction with [defendant's] association of [the product] with Brazil," which

2    according to plaintiffs' complaint included a label that mimics the colors of the Brazilian flag).

3        While Defendant's position is that the words "Traditional Icelandic Skyr" and "Icelandic

4    Provisions" and the image of the Icelandic countryside with a snow-covered backdrop indicate the

5    Product simply has the "characteristics of Icelandic Skyr," Def.'s Mem. 8; *see also id.* at 6, "an

6    equally, if not more, plausible inference" is that these representations *both* refer to the fact that the

7    Product has the characteristics of Icelandic skyr *and* indicate that the Product continues to be

8    manufactured in Iceland. *Hesse*, 463 F. Supp. 3d at 467. Under Ninth Circuit precedent, as stated

9    above, when "there are two alternative explanations . . . plaintiff's complaint survives a motion to

10   dismiss . . . [unless] defendant's plausible alternative explanation is so convincing that plaintiff's

11   explanation is implausible," *Starr*, 652 F.3d at 1216—and, here, it is not.

12       Defendant also argues Plaintiff's allegations regarding Defendant's website and

13   advertising materials are not plausible. Def.'s Mem. 9-10. The misrepresentations on Defendant's

14   website and in its off-label marketing are pled to provide context to the misrepresentations

15   contained on the Products' labels and are appropriately pled facts upon which the Court can rely

16   in determining if Defendant's representations are likely to deceive a reasonable consumer. *See,*

17   *e.g.*, *Hesse*, 463 F. Supp. 3d at 467 (finding that the defendant's statement, "Delicious Belgian

18   chocolates brought to you," in "social-media advertising" further supported the plaintiff's reliance

19   on the front label statement "Belgium 1926"). Defendant claims its website as of October 25, 2021,

20   states at the top of the homepage that the Product is made in the United States, Def.'s Mem. 10,

21   but this factual argument contradicts the pleading and should not be resolved on this motion.[5]

22

23   ---
     [5] Plaintiff opposes Defendant's request, made in a footnote, for judicial notice of the homepage of
     its website, www.icelandicprovisions.com. *See* Def.'s Mem. 10, 10 n.6. In its brief, Defendant

24   cites its homepage as it existed on October 25, 2021, but Defendant's homepage on October 25,
     2021, does not appear the same way as it did at or around the time Plaintiff filed the Complaint.

25   *See*, *e.g.*, Icelandic Provisions, WWW.ICELANDICPROVISIONS.COM (July 21, 2021),
     https://web.archive.org/web/20210721033833/https://www.icelandicprovisions.com/ (homepage

26   as it existed on July 21, 2021, preserved by Internet Archive WayBack Machine). Consequently,
     the content of Defendant's homepage is a disputed fact of which the Court should not take judicial

27   notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (court may not take "judicial
     notice of *disputed* facts stated in public records"); *accord Khoja*, 899 F.3d at 999. Alternatively,

28   at most, the Court should only take judicial notice of the content of the homepage at
     www.icelandicprovisions.com as it existed on October 25, 2021.

1    Defendant also incorrectly asserts the Complaint does not allege whether Plaintiff viewed

2    such statements, Def.'s Mem. 9-10, but Plaintiff plainly alleges that she "viewed the website and

3    other marketing representations which also created the impression the Product was made in

4    Iceland." Compl. ¶ 71. She further alleges that Defendant's representations deceived her. *Id.* at ¶¶

5    74-78. Viewed together in context, these allegations give rise to the reasonable inference that

6    Plaintiff saw the website and marketing representations described in the Complaint and was

7    thereby deceived into buying the Product. *Ariix, LLC*, 985 F.3d at 1114 (on Rule 12(b)(6) motion,

8    court must "accept all factual allegations in the complaint as true and construe the pleadings in the

9    light most favorable to the nonmoving party"); *Goldemberg v. Johnson & Johnson Consumer Cos.*,

10   8 F. Supp. 3d 467, 480 (S.D.N.Y. 2014) ("The reasonable inference to be drawn from these

11   allegations is that Plaintiff saw the Aveeno website and Facebook page described previously in the

12   Complaint, and was thus deceived into purchasing the products in question." (citation omitted)).

13                  **iii.      The Back Label Fails to Cure the Misleading Front Label Claims**

14          The Court should reject Defendant's argument that it may rely on the disclosure on the

15   back of the packaging that the Product is made in Batavia, New York, to correct the misleading

16   representations on the front (including "Traditional Icelandic Skyr" and "Icelandic Provisions"

17   and the image of the Icelandic countryside). *See* Def.'s Mem. 10-12; Compl. ¶ 37. Defendant's

18   argument contradicts Ninth Circuit authority that is directly on point.

19          Under the Ninth Circuit's governing opinion in *Williams v. Gerber Products Co.*:

20          [R]easonable consumers should [not] be expected to look beyond misleading
             representations on the front of the box to discover the truth from the ingredient list
21          in small print on the side of the box. . . . We do not think that the FDA requires an
             ingredient list so that manufacturers can mislead consumers and then rely on the
22          ingredient list to correct those misinterpretations and provide a shield for liability
             for the deception. Instead, reasonable consumers expect that the ingredient list
23          contains more detailed information about the product that confirms other
             representations on the packaging.
24

25   *Williams*, 552 F.3d at 939-40; *accord Tucker v. Post Consumer Brands, LLC*, No. 19-CV-03993-

26   YGR, 2020 WL 1929368, at *5 (N.D. Cal. Apr. 21, 2020) ("If [misled by the front of the

27   packaging], the reasonable consumer is not expected to pick up the product and examine the fine

28   print on the ingredient list.").

1    Here, as discussed above, Defendant has misrepresented the Product as being made in
2    Iceland by labeling it with the words "Traditional Icelandic Skyr" and "Icelandic Provisions,"
3    accompanied by the image of the Icelandic countryside with a snow-covered backdrop. *See supra*
4    § IV.B.ii. Under the binding authority of *Williams*, Defendant may not mislead reasonable
5    consumers into believing the Product is made in Iceland on the front label and then correct the
6    deceptive statement by revealing the Product is in fact not made in Iceland in fine print on the
7    back. *Williams*, 552 F.3d at 939-40. Ultimately for present purposes, however, the likely impact
8    of the back label on a reasonable consumer is a factual issue, not determinable on the pleadings.
9    *Id.*; *accord de Dios Rodriguez*, 2021 WL 1731604, at *5 (holding that the effect of the defendant's
10   fine print disclosure of its company headquarters "cannot be determined as a matter of law on the
11   present record"); *Shalikar*, 2017 WL 9362139, at *8 (refusing to consider the effect of
12   geographical disclosures on the front labeling of purportedly Japanese beer products, holding that
13   "[t]he effect of the disclosures cannot be determined as a matter of law on the present record").

14   Defendant's arguments to the contrary are meritless. Notably, Defendant fails to even
15   mention *Williams*. Defendant's reliance on *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666
16   (E.D.N.Y. 2017), in support of its position that the back label remedies the front label deception is
17   misplaced. *See* Def.'s Mem. 10-11. In *Nelson*, the disclosures at issue were clearly visible to
18   consumers, *Nelson*, 246 F. Supp. 3d at 674 (explaining that the disclosure was in "close proximity"
19   to the purportedly misleading representations, distinguishing *Williams*), unlike here, where
20   Defendant's purported disclosures are in fine print on the back of the Product, Compl. ¶ 49.
21   Furthermore, *Nelson* was decided before *Mantikas v. Kellogg Co.*, in which the Second Circuit
22   adopted the Ninth Circuit's longstanding principle that "[r]easonable consumers should [not] be
23   expected to look beyond misleading representations on the front of the box to discover the truth
24   from the ingredient list in small print on the side of the box." *Mantikas v. Kellogg Co.*, 910 F.3d
25   633, 637 (2d Cir. 2018) (quoting *Williams*, 552 F.3d at 939); *see also Comfort v. Ricola USA, Inc.*,
26   No. 19-cv-06089-CJS, 2019 WL 6050301, at *4 (W.D.N.Y. Nov. 15, 2019) (applying *Mantikas*).
27   Additionally, Plaintiff never alleges she reviewed the back label in making her Product purchases.
28   Defendant also cites to *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241 (3d

1    Cir. 2011) ("*Pernod Ricard*"), to support its argument. Def.'s Mem. 10-11. But the *Pernod Ricard*

2    opinion is wholly distinguishable, as it was a decision following a bench trial in a Lanham Act

3    case. *Pernod Ricard*, 653 F.3d at 247. The Third Circuit upheld the trial court's decision, finding

4    that "[t]he label clearly states on the front that the liquor is 'Puerto Rican Rum' and, on the back,

5    that it is 'distilled and crafted in Puerto Rico.' No reasonable consumer could be misled by those

6    statements, and the rest of the label does not put those statements in doubt." *Id.* at 252. Further,

7    the court distinguished the case before it from other cases "in which the statement of geographic

8    origin in an advertisement is contained in fine print" because "the phrase 'Puerto Rican Rum' is

9    particularly prominent on the front of the bottle." *Id.* at 252 n.13. The opinion included the

10   following image of the label for context:



11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

26   *Id.* at 245. Here, a comparison of the geographic origin disclaimers on the rum in *Pernod Ricard*

27   and the one on the Product demonstrates that the present case is one "in which the statement of

28   geographic origin in an advertisement is contained in fine print." *Id.* at 252 n.13. The purported

disclosure here is in fine print compared to both (i) the font size of the other images and words on the packaging of the Product, and (ii) the font size of the disclaimer in *Pernod Ricard*, which as depicted above, is relatively large compared to the "Havana Club" representation. Therefore, the disclosure on the Product here is not "particularly prominent." *Id.* at 252 n.13. Furthermore, unlike in *Pernod Ricard*, the Court here can find that the "rest of the label" *could* put the origin disclaimer in doubt. Consumers can more readily see the challenged front-label references to "Traditional Icelandic Skyr" and "Icelandic Provisions" and imagery of the Icelandic countryside, all of which could put the less apparent back-label disclosure in doubt. For the foregoing reasons, Defendant's reliance on *Pernod Ricard* here is unfounded.

Finally, Defendant misconstrues Plaintiff's allegations regarding the statements on the back of the label. Def.'s Mem. 11-12. Defendant argues that the "Proudly made in Batavia, NY" must be sufficiently prominent to reveal where the Product is made because the statements regarding the distributor and partner are also "sufficiently prominent to mislead consumers." *Id.* Contrary to Defendant's argument, however, Plaintiff does not allege that the back panel disclosure of Defendant's distributor and partner is "sufficiently prominent to mislead consumers." *See id.* at 11. Instead, Plaintiff's allegation is that "***if [consumers] look at the back label***," Compl. ¶ 54 (emphasis added), Defendant's representations on the back label are misleading. *Id.* at ¶¶ 50-57. These allegations are entirely consistent with the rule set forth in *Williams* that reasonable consumers are not expected to review the back of the product packaging to correct misrepresentations made on the front, *Williams*, 552 F.3d at 939-40, and they do not suggest that consumers look at the back label of the Product or that any back label claims are "prominent."

### iv. Plaintiff Has Standing under California Consumer Protection Law

In arguing Plaintiff has failed to allege she has statutory standing under the UCL, FAL, and CLRA, Defendant ignores Plaintiff's well-pled allegations regarding the representations upon which she relied. Def.'s Mem. 12-13. According to Defendant, the Complaint does not detail which statements Plaintiff relied upon or when and where she saw the statements. *Id.* Defendant is wrong.

To establish statutory standing under the UCL and FAL, a named plaintiff must (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e.,

1    economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair

2    business practice or false advertising that is the gravamen of the claim. *Kwikset Corp. v. Superior*

3    *Ct.*, 246 P.3d 877, 885 (Cal. 2011); *see also* CAL. BUS. & PROF. CODE §§ 17204, 17535. The

4    statutory standing requirements under the CLRA are substantially identical. *Hinojos v. Kohl's*

5    *Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013) ("[A]ny plaintiff who has standing under the UCL's

6    and FAL's 'lost money or property' requirement will, *a fortiori*, have suffered 'any damage' for

7    purposes of establishing CLRA standing."); *see also* CAL. CIV. CODE § 1780(a).

8         Put another way, to establish standing under the UCL, FAL, and CLRA, "plaintiffs must

9    meet an economic injury-in-fact requirement, which demands no more than the corresponding

10   requirement under Article III of the U.S. Constitution." *Reid v. Johnson & Johnson*, 780 F.3d 952,

11   958 (9th Cir. 2015). "In a false advertising case, plaintiffs meet this requirement if they show that,

12   by relying on a misrepresentation on a product label, they 'paid more for a product than they

13   otherwise would have paid, or bought it when they otherwise would not have done so.'" *Id.* Indeed,

14   judges in this District "have routinely held that allegations that mislabeling caused the plaintiff to

15   purchase products they might not have otherwise purchased suffices for statutory standing." *Maisel*

16   *v. S.C. Johnson & Son, Inc.*, No. 21-cv-00413-TSH, 2021 WL 1788397, at *4 (N.D. Cal. May 5,

17   2021); *accord Bohac v. Gen. Mills, Inc.*, No. 12-cv-05280-WHO, 2014 WL 1266848, at *11 (N.D.

18   Cal. Mar. 26, 2014); *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 961-62 (N.D. Cal. 2013).

19        The Complaint easily meets these requirements. Plaintiff alleges she spent money

20   purchasing a Product she would not have purchased were it not for Defendant's mislabeling of the

21   Product as being made in Iceland, including by means of the front-of-the-label statements

22   "Traditional Icelandic Skyr" and "Icelandic Provisions" and the image of the Icelandic

23   countryside. Compl. ¶¶ 37, 67-70, 72-78, 80, 82; *see also Ariix, LLC*, 985 F.3d at 1114 (at the

24   pleading state, the Court must "accept all factual allegations in the complaint as true and construe

25   the pleadings in the light most favorable to [Plaintiff]"). She claims she read Defendant's

26   challenged misstatements on its Product labels and relied on them in making her purchase. *E.g.*,

27   Compl. ¶¶ 70, 80, 89. That is sufficient for statutory standing under the CLRA, UCL, and FAL.

28   *Maisel*, 2021 WL 1788397, at *4; *Bohac*, 2014 WL 1266848, at *11.

1    Defendant's arguments that Plaintiff does not allege which statements she saw and relied

2    upon, when and where she saw those statements, and whether she saw the statements at issue

3    before or after she purchased the Product are without merit. *See* Def.'s Mem. 12-13. The Complaint

4    alleges, and illustrates, that the labeling statements at issue are some of the most prominent

5    representations on the front of the Product packaging. Compl. ¶ 37 (including image of Product

6    label). Plaintiff could not have purchased the Product without first seeing the prominent and

7    conspicuous representations on the front label, including "Traditional Icelandic Skyr" and

8    "Icelandic Provisions" and the image of the Icelandic countryside. *See id.* at ¶¶ 37, 70, 80.

9    **C.    The Complaint Satisfies Federal Rule of Civil Procedure 9(b)**

10    Defendant first argues the Complaint does not satisfy Rule 9(b) because Plaintiff's claims

11    of consumer deception are not plausible. Def.'s Mem. 14. The Court should reject this argument

12    and hold Plaintiff's claims are plausible for the reasons discussed above. *See supra* § IV.B.

13    Defendant also argues the Complaint does not meet Rule 9(b) because Plaintiff has failed

14    to plead the who, what, when, where, and how of the alleged misconduct. Def.'s Mem. 14-15. The

15    Court should reject this argument for the reasons below.

16    "Many courts in California have applied a relatively straightforward test for the application

17    of Rule 9(b) to label-based fraud claims," under which "[t]he 'who' are the defendants; the 'what'

18    are their allegedly misleading claims; the 'when' is the proposed class period, during which those

19    claims were made; the 'where' is the offending label; and the 'how' is the plaintiff's explanation

20    why the defendant's claims are misleading." *In re 5-hour ENERGY Mktg. & Sales Practices Litig.*,

21    No. MDL 13-2438 PSG PLA, 2014 WL 5311272, at *17 (C.D. Cal. Sept. 4, 2014); *see also Ang*

22    *v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196-WHO, 2013 WL 5407039, at *3 (N.D. Cal. Sept.

23    25, 2013). The Complaint easily meets these requirements.

24    **Who:** The "who" of the fraud is Defendant.

25    **What:** The Complaint adequately alleges the "what" of the fraud (i) by alleging Defendant

26    deceptively labeled the Product as being from Iceland using the prominent front label

27    representations "Traditional Icelandic Skyr" and "Icelandic Provisions," as well as the image of

28    the Icelandic countryside with a snow-covered backdrop, and by alleging the Product's

competitors (unlike the Product) all truthfully state that they are "Icelandic Style" skyr, and (ii) by including images of the labeling at issue. Compl. ¶¶ 12-13, 20-24, 37, 39; *see also Hall v. Diamond Foods, Inc.*, No. 14-cv-02148-MMC, 2014 WL 5364122, at \*2 (N.D. Cal. Oct. 21, 2014) (plaintiff sufficiently alleged the "what" by attaching photograph of portion of packaging he relied on).

**Where:** The Complaint sufficiently alleges the "where" of the fraud by alleging Defendant uniformly deceptively labeled the Product on the front of the Product packaging using the words "Traditional Icelandic Skyr" and "Icelandic Provisions" and the image of the Icelandic countryside with a snow-covered backdrop. Compl. ¶ 37; *Gasser v. Kiss My Face, LLC*, No. 17-cv-01675-JSC, 2017 WL 4773426, at \*6 (N.D. Cal. Oct. 23, 2017) ("Plaintiffs identified what statements were misleading and where they were located—the statement '100% natural mineral defense' is located on the front label of the products."); *Astiana v. Ben & Jerry's Homemade, Inc.*, No. 10-cv-04387-PJH, 2011 WL 2111796, at \*6 (N.D. Cal. May 26, 2011) ("The 'where' is on the ice cream package labels."); *see also In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1099 (C.D. Cal. 2012) ("The court agrees with plaintiffs that Rule 9(b) does not require that they allege the specific store in which they purchased [the product at issue] . . . .").

**When:** The Complaint sufficiently alleges the "when" of the fraud by alleging Plaintiff purchased the Product during the relevant statute of limitations periods, including between August and October 2020. Compl. ¶ 80; *Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1034 (N.D. Cal. 2016) (holding that the "when" prong was satisfied because plaintiffs alleged they purchased product at issue "within the relevant class period"); *Ang*, 2013 WL 5407039, at \*3 (holding that the "when" was "timeframe for the class allegations").

**How:** Finally, the Complaint adequately sets forth "how" and "why" the representations at issue are false and misleading. Plaintiff alleges the prominent representations on the front labeling of the Products ("Traditional Icelandic Skyr" and "Icelandic Provisions" and the image of the Icelandic countryside with a snow-covered backdrop) are deceptive because they indicate to reasonable consumers, when viewed alongside numerous competing skyr products that all truthfully label themselves as "Icelandic Style" (unlike the Products), that the Products are made in Iceland, when, in fact, the Products are made not in Iceland but in New York. Compl. ¶¶ 12-16,

20-24, 26, 29, 37-38, 49, 58-59, 65-70, 72-73, 80, 82, 87-89. Plaintiff also alleges she was induced to purchase the Product at a premium price based on the foregoing representations on the front label of the Product. *Id.* at ¶¶ 27-28, 74-78, 83. These allegations are more than sufficient to plead the "how" and "why" of the fraud under Rule 9(b). *Strumlauf*, 192 F. Supp. 3d at 1035 ("how" prong satisfied where plaintiff alleged what made the representations misleading and that plaintiff paid a premium for the products based on the misrepresentations).

Defendant argues Plaintiff's Complaint "lacks any averment as to what marketing statements she saw, and when, where, and how she saw them." Def.'s Mem. 14. Plaintiff alleges, however, that the Products were prominently labeled on the front of their packaging using the words "Traditional Icelandic Skyr" and "Icelandic Provisions" and the image of the Icelandic countryside with a snow-covered backdrop. Compl. ¶ 37. Consequently, Plaintiff could not have avoided seeing the front-label representations at issue each time she purchased the Product between August and October 2020. *See id.* at ¶ 80 (alleging Plaintiff purchased the Product "in reliance on the representations that the Product was made in Iceland"); *see also Khoja*, 899 F.3d at 1003 (at the pleading stage, the Court should "draw all reasonable inferences in favor of the plaintiff"). Indeed, Plaintiff specifically alleges that she "understood the representations on the front of the label – 'Traditional Icelandic Skyr,' above an Icelandic pastoral setting – and the notable absence of the words 'style' or 'type' to modify 'skyr,' to indicate the Product was made in Iceland." Compl. ¶ 70; *see also id.* at ¶¶ 69, 82, 89. Plaintiff also alleges she "viewed the website and other marketing representations which also created the impression the Product was made in Iceland," *id.* at ¶ 71, and the Court should draw the reasonable inference that this allegation refers to the website and other marketing representations discussed elsewhere in the Complaint, *Khoja*, 899 F.3d at 1003. With respect to when and where Plaintiff saw the statements at issue, as set forth above, the Complaint alleges the challenged representations were set forth on the front of the Product packaging during the relevant statute limitations periods, including when Plaintiff purchased the Products between August and October 2020. Compl. ¶ 80.

Defendant also argues Plaintiff's allegations regarding its website and advertising materials are not sufficiently particular. Def.'s Mem. 14. As discussed above, Plaintiff included allegations

1    regarding misrepresentations on Defendant's website and in its off-label advertising to provide

2    context to the misrepresentations contained on the Products' labels. *See supra* § IV.B.2. Further,

3    Plaintiff alleges she did view the website and other marketing representations, Compl. ¶ 71, which

4    the Court should reasonably infer refers to the website and off-label advertising representations

5    discussed in the Complaint, *Khoja*, 899 F.3d at 1003. The Court should decline to dismiss these

6    supporting contextual allegations under Rule 9(b).

7          For all the foregoing reasons, Plaintiff has sufficiently provided Defendant with the who,

8    what, when, where, and how of her claims against it. This level of detail allows Defendant to

9    "prepare an adequate answer from the allegations." *Schreiber Distributing Co. v. Serv-Well*

10   *Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986). Accordingly, the Court should hold the

11   Complaint satisfies the particularity requirements of Rule 9(b).

12         **D.**    **The CLRA Pre-Suit Demand Notice Requirement Has Been Met**

13         Defendant urges dismissal of Plaintiff's claim for damages under the CLRA for lack of

14   pre-suit notice. Def.'s Mem. 15-16. Defendant avers Plaintiff's counsel failed to send a written

15   notice on behalf of Plaintiff Steinberg in accordance with California Civil Code section 1782, but

16   filed suit relying instead on a pre-suit letter from "an unrelated individual." *Id.* at 15. Defendant

17   contends that because the Complaint does not allege Plaintiff, the consumer who commenced the

18   action, provided the CLRA notice, Plaintiff cannot maintain a CLRA claim for damages. *Id.* at 15-

19   16. Defendant is wrong, as courts in this District and elsewhere in the Ninth Circuit clearly have

20   held otherwise. The Complaint alleges California resident Shannah Smith sent Defendant a pre-

21   suit CLRA notice on May 6, 2021, on behalf of herself, a putative California class, and the general

22   public, detailing the same violations of the CLRA that are at issue in Plaintiff's Complaint. Compl.

23   ¶¶ 148-60. Under precedent of courts within the Ninth Circuit, including this District, Ms. Smith's

24   CLRA notice was sufficient to notify Defendant of Plaintiff Steinberg's CLRA damages claims in

25   this lawsuit.

26         "It is well-established that once CLRA notice is sent on behalf of a putative class, members

27   of the class may rely on that notice, regardless of whether they send their own CLRA letters." *In*

28   *re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 445 F. Supp. 3d 535,

1  545 (N.D. Cal. 2020); *see also Vizcarra v. Unilever United States, Inc.*, No. 4:20-cv-02777-YGR,

2  2020 WL 4016810, at *2-5 (N.D. Cal. July 16, 2020) (allowing a class action plaintiff to rely on

3  the pre-litigation notice given by a fellow class member); *Sanchez v. Wal-Mart Stores, Inc.*, No.

4  06-cv-02573-DFL-KJM, 2007 WL 1345706, at *3 (E.D. Cal. May 8, 2007) (same).[6]

5           The decision of the Northern District of California in *Vizcarra v. Unilever United States,*

6  *Inc.* is directly on point. In *Vizcarra*, the court thoroughly analyzed and rejected the same argument

7  Defendant raises here. *Vizcarra*, 2020 WL 4016810, at *2-5. The court concluded that the CLRA

8  letter the defendant had received from a nonparty on behalf of a putative class prior to the filing of

9  the *Vizcarra* lawsuit, which asserted the same claims of deceptive advertising as those in the named

10 plaintiff's complaint, satisfied the notice requirements of section 1782(a) with respect to the CLRA

11 damages claims that the named plaintiff had asserted in the complaint. *Id.* at *3. The court stated

12 that the nonparty's letter provided the defendant "with notice, not only of [the nonparty's]

13 individual claims, but of the claims he sought to assert on behalf of other similarly situated

14 consumers who purchased [the defendant's products at issue] from January 1, 2014, to the

15 present," including the named plaintiff. *Id.* Further, the nonparty's letter provided the defendant

16 "with an opportunity to resolve the claims of consumers similarly situated to [the nonparty], which,

17 again, included [the named plaintiff] and the members of the proposed class in this action." *Id.*

18 Because the nonparty's letter provided the defendant with the opportunity to resolve the individual

19 and proposed class claims for damages under the CLRA that the named plaintiff had alleged, the

20 court held such claims could not be dismissed for failure to comply with section 1782(a). *Id.*

21          *Sanchez v. Wal-Mart Stores, Inc.*, is also directly on point. In *Sanchez*, like in *Vizcarra*, the

22 district court rejected the same argument that Defendant makes here. The defendants argued the

23 named plaintiff failed to comply with the notice requirement of California Civil Code section 1782

24 because she never sent them a pre-suit letter. *Sanchez*, 2007 WL 1345706, at *3. The district court,

25 however, rejected the argument and concluded that the defendants did receive proper pre-suit

26 notice. *Id.* The district court explained:

27          In her amended complaint, [named plaintiff Elizabeth] Sanchez alleges that another

28 ─────────────────────

[6] Defendant fails to cite to, let alone discuss, any of these relevant cases. *See* Def.'s Mem. 15-16.

1    class member, Salvador Sanchez, sent defendants notice on November 2, 2005. In
2    his letter, Salvador Sanchez claimed that "[the] stroller has a dangerous and
     defective locking mechanism pinch point which creates an unreasonable danger of
3    personal injury to all potential users." Moreover, Salvador Sanchez stated that he
     was providing defendants statutory written notice, as required by the CLRA, on
     behalf of himself and a class of similarly situated consumers. This is sufficient to
4    satisfy § 1782(a).

5    *Id.* Citing "clear intent of the [CLRA] . . . to provide and facilitate pre-complaint settlements of

6    consumer actions wherever possible," the court held:

7           The 2005 notice, although it came from another class member, nonetheless satisfied
            § 1782(a) because it notified defendants of the stroller's alleged defect and of a
8           potential class action lawsuit.

9    *Id.*; *see also McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2018 WL 2688781, at *3 (N.D. Cal.

10   June 5, 2018) (citing, among other things, *Sanchez* and holding that when another plaintiff

11   provided written notice to a defendant not only on her own behalf but on behalf of "a proposed

12   class of consumers . . . , [t]hat notice was sufficient under California law and gave [the defendant]

13   the opportunity to cure that the CLRA contemplates").

14          Defendant's reliance upon *Fish v. Aviation*, No. 18-cv-06671-VKD, 2019 WL 690286

15   (N.D. Cal. Feb. 19, 2019), is misplaced. *See* Def.'s Mem. 15-16. In *Fish*, unlike here, the plaintiff

16   "concede[d] that he failed to provide notice altogether." *Fish*, 2019 WL 690286, at *6. And *Jaime*

17   *v. Carmax Auto Superstores California, LLC*, No. D075307, 2020 WL 6110983 (Cal. Ct. App.

18   Oct. 16, 2020), which Defendant also cites (Def.'s Mem. 15), is an unpublished opinion, which

19   under California Rule of Court 8.1115(a) "must not be cited or relied on by a court or a party in

20   any other action." *See also Kazi v. PNC Bank, N.A.*, No. 18-cv-04810-JCS, 2021 WL 965372, at

21   *2 n.5 (N.D. Cal. Mar. 15, 2021) (disregarding unpublished state court opinion); Civil L.R. 3-4(e)

22   (prohibiting court from citing orders designated "NOT FOR CITATION" pursuant to state law).

23          The relevant facts here are identical to those in *Vizcarra* and *Sanchez*. Thus, although

24   Shannah Smith's CLRA notice letter came from another class member, it nonetheless satisfied the

25   requirements of California Civil Code section 1782 for Plaintiff's action because that letter notified

26   Defendant, on behalf of a putative California class (including Plaintiff), of the same violations of

27   the CLRA alleged in this class action lawsuit and provided Defendant with an opportunity to cure.

28   Compl. ¶¶ 148-60. In short, Plaintiff properly relied upon the pre-suit notice by another class

1    member to satisfy the pre-suit notice requirement under the CLRA. Accordingly, Defendant's

2    argument for dismissal of Plaintiff's CLRA claim for damages must be rejected.[7]

3        **E.    The Complaint States a Claim for Unjust Enrichment**

4            The Court should reject all three of Defendant's arguments seeking dismissal of her unjust

5    enrichment claim. *See* Def.'s Mem. 16.

6            *First*, Defendant seeks dismissal of Plaintiff's claim for unjust enrichment on the ground

7    that she does not lack an adequate remedy at law. Def.'s Mem. 16. However, under Federal Rule

8    of Civil Procedure 8(d)(2) and (3), Plaintiff may plead equitable claims in the alternative to

9    remedies at law at this stage of the case. *Kanan v. Thinx Inc.*, No. 20-cv-010341-JVS-JRP, 2021

10   WL 4464200, at *8 (C.D. Cal. June 23, 2021) (rejecting argument that court should dismiss unjust

11   enrichment claim at the pleading stage due to existence of an adequate remedy at law); *Maisel*,

12   2021 WL 1788397, at *12 (rejecting argument that unjust enrichment claim should be dismissed

13   because plaintiff did not establish she lacked an adequate remedy at law and following "other

14   courts in this district that find no bar to the pursuit of alternative remedies at the pleadings stage")

15   (collecting cases).

16           *Second*, Defendant also contends the Court should dismiss Plaintiff's unjust enrichment

17   claim because it is duplicative of her consumer protection claims. Def.'s Mem. 16. The Court

18   should reject this argument, as Rule 8(d)(2) and (3) allow Plaintiff to plead in the alternative.

19   *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762-63 (9th Cir. 2015). According to the Ninth

20   Circuit, even if an unjust enrichment claim under California law is "duplicative of or superfluous

21   to" a plaintiff's other claims, "this is not grounds for dismissal." *Id.* at 762; *accord In re Safeway*

22   *Tuna Cases*, No. 15-cv-05078-EMC, 2016 WL 3743364, at *2 (N.D. Cal. July 13, 2016) (Chen,

23   J.) ("In light of *Astiana*, a majority of cases in this district have permitted unjust enrichment claims

24

---

25   [7] Even assuming the Court were to dismiss Plaintiff's CLRA claim (which it should not), the
     dismissal should be without prejudice, as courts grant leave to amend CLRA claims "with
     liberality." *Prescott v. Bayer HealthCare LLC*, No. 20-cv-00102-NC, 2020 WL 4430958, at *9
26   (N.D. Cal. July 31, 2020); *see also In re Fluidmaster, Inc.*, 149 F. Supp. 3d 940, 950 (N.D. Ill.
     2016) (failure of CLRA notice is curable and dismissal with prejudice is not required); *Oxina v.*
27   *Lands' End, Inc.*, No. 14-CV-2577-MMA NLS, 2015 WL 4272058, at *3 (S.D. Cal. June 19, 2015)
     (same); *Morgan v. AT&T Wireless Servs., Inc.*, 99 Cal. Rptr. 3d 768, 789-90 (2009) (same).

28

1    even when they are duplicative of other claims.").[8]

2          *Finally*, Defendant argues the Court should dismiss Plaintiff's unjust enrichment claim

3    because it is based on implausible allegations. Def.'s Mem. 16. For the same reasons that Plaintiff's

4    consumer protection claims are plausible, set forth above, the Court should hold Plaintiff's unjust

5    enrichment claim is plausible. *See supra* § IV.B.

6    **V.    Plaintiff Has Standing to Seek Injunctive Relief**

7          Defendant argues Plaintiff lacks standing to seek injunctive relief because she "'is now

8    aware that' the Product is manufactured in New York." Def.'s Mem. 17. Defendant is wrong.

9          The Ninth Circuit's governing decision in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d

10   956 (9th Cir. 2018), rejects Defendant's argument. In *Davidson*, the Ninth Circuit held that:

11         a previously deceived consumer may have standing to seek an injunction against
           false advertising or labeling, even though the consumer now knows or suspects that
12         the advertising was false at the time of the original purchase, because the consumer
           may suffer an "actual and imminent, not conjectural or hypothetical" threat of
13         future harm. ***Knowledge that the advertisement or label was false in the past does
           not equate to knowledge that it will remain false in the future.***

14

15   *Id.* at 969 (emphasis added). Similarly, in *Lilly v. Jamba Juice Co.*, which the Ninth Circuit cited

16   with approval in *Davidson*, 889 F.3d at 970, the court held:

17         When a consumer discovers that a representation about a product is false, ***she
           doesn't know that another, later representation by the same manufacturer is also***
18         ***false***. She just doesn't know whether or not it's true. A material representation
           injures the consumer not only when it is untrue, but also when it is *unclear* whether
19         or not is true.

20   *Lilly v. Jamba Juice Co.*, No. 13-cv-02998-JST, 2015 WL 1248027, at *3 (N.D. Cal. Mar. 18,

21   2015) (first emphasis added). The Court should follow *Davidson* and *Lilly* and reject Defendant's

22   argument that Plaintiff now somehow knows whether Defendant's Product labels will be false in

23

24   [8] *Ivie v. Kraft Foods Global, Inc.*, No. C-12-02554-RMW, 2015 WL 183910 (N.D. Cal. Jan. 14,
     2015), upon which Defendant relies (Mem. 16), predates the Ninth Circuit's ruling in *Astiana*, and
25   the Court should not follow it because it does not reflect the law in this Circuit. Defendant's
     reliance on *Lanovaz v. Twinings North America, Inc.*, No. 5:12-CV-02646-RMW, 2015 WL
26   3627015 (N.D. Cal. June 10, 2015), is also misplaced. *See* Mem. 16. In *Lanovaz*, the court held
     that *Astiana* did not require reconsideration of the court's prior dismissal of the plaintiff's unjust
27   enrichment claim because the court had already denied certification of a damages class based upon
     the plaintiff's consumer protection claims, which sought the same monetary relief as an unjust
28   enrichment class would have sought. *Lanovaz*, 2015 WL 3627015, at *5.

1   the future and so somehow will never again be deceived. *See also Tucker*, 2020 WL 1929368, at

2   *6 ("Absent injunctive relief, plaintiff would not know whether honey is in fact a significant

3   sweetener in defendant's product based on the front of the cereal box. Nor is the onus on plaintiff

4   to consult the ingredient list to try to discern this fact.").

5           Defendant relies upon district court decisions that pre-date the Ninth Circuit's decision in

6   *Davidson*, which is the governing authority on the question of whether a consumer "knows"

7   product labeling will be deceptive in the future, but Defendant does not even mention *Davidson*.

8   Def.'s Mem. 17. Defendant's reliance on these pre-*Davidson* cases, which do not set forth the law

9   in this Circuit, is misplaced. *See Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1196 (N.D.

10  Cal. 2014) (holding, in direct contravention of the subsequent holding in *Davidson*, that the

11  plaintiff was "now aware" of the deceptive conduct at issue and therefore "cannot allege that she

12  would be fraudulently induced to purchase the products in the future"); *Garrison v. Whole Foods

13  Mkt. Grp., Inc.*, No. 13-cv-05222-VC, 2014 WL 2451290, at *5 (N.D. Cal. June 2, 2014) (holding,

14  in direct contravention of the subsequent holding in *Davidson*, that the plaintiffs "[n]ow . . . know"

15  about the deceptive conduct at issue and "[t]here is therefore no danger that they will be misled in

16  the future"); *see also Lilly*, 2015 WL 1248027, at *3 (declining to follow *Ham* and *Garrison*).[9]

17          Furthermore, the Court should hold that a plausible inference arises from the Complaint

18  that Plaintiff could find herself in the same situation again and be similarly harmed by uncertainty

19  over whether the Defendant's representations regarding the geographic origin of the Product on

20  the front labeling are true. *Haas v. Travelex Ins. Servs. Inc.*, No. 2:20-cv-06171-ODW-PLA, 2021

21  WL 3682309, at *3 (C.D. Cal. Aug. 19, 2021). A plausible inference of actual and imminent threat

22  of future injury to Plaintiff arises from the Complaint because Plaintiff (i) has already "voted with

23  her wallet" and is therefore "the *most* likely to be injured again in the absence of an injunction, not

24  the least," *Lilly*, 2015 WL 1248027, at *4, and (ii) will be unable to trust Defendant's labeling the

25  next time she encounters it, as it will be unclear to her whether its representations are in fact

26

27  _____

    [9] Defendant also cites *Lanovaz v. Twinings North America, Inc.*, No. 12-cv-02646-RMW, 2014
28  WL 46822 (N.D. Cal. Jan. 6, 2014) (Mem. 17), but that case does not aid it because in *Lanovaz*,
    the court held the plaintiff had standing to seek injunctive relief. *Lanovaz*, 2014 WL 46822, at *10.

1   truthful, *Davidson*, 889 F.3d at 969; *Lilly*, 2015 WL 1248027, at *3. Plaintiff's ongoing inability

2   to rely on the representations regarding the Product's geographic origin on the Product's front

3   labeling constitutes an injury for which she may seek injunctive relief. *Haas*, 2021 WL 3682309,

4   at *3; *Tucker*, 2020 WL 1929368, at *6.

5         For all these reasons, the Court should hold Plaintiff has Article III standing to seek

6   injunctive relief.

7                                   **<u>CONCLUSION</u>**

8         For the reasons given above, the Court should deny Defendant's motion in its entirety.

9         If the Court grants any part of Defendant's motion, Plaintiff respectfully requests leave to

10   amend. FED. R. CIV. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

11

12   Date: November 22, 2021                    Respectfully submitted,

13                                              **REESE LLP**

14                                        By:   /s/ George V. Granade
                                               George V. Granade (State Bar No. 316050)
15                                             *ggranade@reesellp.com*
                                               8484 Wilshire Boulevard, Suite 515
16                                             Los Angeles, California 90211
                                               Telephone: (310) 393-0070
17                                             Facsimile: (212) 253-4272

18                                             **REESE LLP**
                                               Michael R. Reese (State Bar No. 206773)
19                                             *mreese@reesellp.com*
                                               100 West 93rd Street, 16th Floor
20                                             New York, New York 10025
                                               Telephone: (212) 643-0500
21                                             Facsimile: (212) 253-4272

22                                             **SHEEHAN & ASSOCIATES, P.C.**
                                               Spencer Sheehan (admitted *pro hac vice*)
23                                             *spencer@spencersheehan.com*
                                               60 Cuttermill Road, Suite 409
24                                             Great Neck, New York 11021
                                               Telephone: (516) 268-7080
25                                             Facsimile: (516) 234-7800

26                                             *Counsel for Plaintiff Rivka Steinberg*
                                               *and the Proposed Class*

27

28

---